ED SMEDLEY ET UX *v.* J. W. SAUNER.

Judgment—Default—Incomplete Petition.

> A judgment by default on a petition to set aside a conveyance as fraudulent, is premature, unless the records of the suit and the conveyance be in the pleadings.

APPEAL FROM HICKMAN CIRCUIT COURT.

November 29, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant filed his petition against appellees to set aside a conveyance to the wife of Walker of sub-division 4 and 5 of lot 145 in Columbus as fraudulent. He having obtained a judgment, execution and return of no property found in the Hickman circuit court, also another before some justice of the peace, both of which records are referred to, also the deed from Walker to Mrs. Smedley is made part of the petition.

It is alleged that these debts existed before the conveyance which was fraudulently procured by the husband, he having paid for the lots, then being embarrassed. Process was served on both the defendants in June, 1860. In October, 1867, a judgment was rendered on confession, no response being made, setting aside said conveyance so far as necessary to pay these debts and subjecting the property thereto, from which Smedley and wife have appealed and urge several objections. The most substantial error is as to taking the petition for confessed, whilst it was yet incomplete. For having made these records part thereof the defendants were not bound to answer until said exhibits were in.

The conveyance from Walker was essential in order to assure the purchaser where the legal title was, as has often been held by this court; bsides, the court should not set aside a solemn instrument without having the same before it. The order of confession was erroneous, and the judgment premature, which is not a mere

clerical misprision, but a reversable error. Wherefore, the judgment is reversed for further proceedings.

*Lindsey, for appellant.*

*Bradley, Rodman, for appellee.*